IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD D. RICHWINE,

    Petitioner,

v.                                     No. CV 09-0870 JB/GBW

ANTHONY ROMERO, Warden,

    Respondent.

## PROPOSED FINDINGS AND
## RECOMMENDED DISPOSITION

THIS MATTER is before the Court on consideration of Petitioner Richwine's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed September 9, 2009 (*Doc. 1*), Respondent's Answer (*Doc. 8*), and Motion to Dismiss (*Doc. 9*), both filed October 15, 2009 (*Doc. 14*). The Court will additionally review Mr. Richwine's Motion to Appoint Counsel. *Doc. 6.*

Since Mr. Richwine filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *See Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons*, 531 F.3d 1306, 1319 (10th Cir. 2008). Respondent asserts that Mr. Richwine's petition contains both exhausted and unexhausted claims, and thus, his petition should be dismissed without prejudice. *Docs. 8 & 9*. Alternatively, Respondent contends that Mr. Richwine's petition should be denied

1

on the merits. For the reasons described herein, the Court recommends that Respondent's Motion to Dismiss be granted in part and denied in part. Additionally, Mr. Richwine's Motion for Appointment of Counsel shall be denied.

## PRELIMINARY MATTERS

Upon review of the pending issues in this case, the Court finds it appropriate to address two preliminary matters regarding Mr. Richwine's pending Motion for Appointment of Counsel and one of his alleged habeas claims.

I.   Motion for Appointment of Counsel:

Mr. Richwine seeks appointment of counsel from this Court. *Doc. 6.* "[Petitioner] does not have a Sixth Amendment right to appointed counsel in a federal habeas proceeding." *Archuleta v. LeMaster*, 37 F. App'x 391, 393 (10th Cir. 2002) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *Parkhurst v. Shillinger*, 128 F.3d 1366, 1371 (10th Cir. 1997). Factors the Court weighs when considering a motion for appointment of counsel include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). The Court, having reviewed the petition in light of these factors, finds that Petitioner understands the issues in the case and appears to be representing himself in an intelligent and capable manner. *See Lucero v.*

*Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Thus, his motion will be denied at this time.

II.     Insufficient Access to Legal Material:

Petitioner's last claim alleges that he has not been provided with adequate legal materials by the Central New Mexico Correctional Facility, and it has limited his ability to prepare his appellate and habeas corpus petitions. *Doc. 1* at 26. This is not a proper claim to raise in a habeas suit. This claim relates to conditions of confinement, and therefore is not cognizable in a habeas corpus petition. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of [the 'core' of habeas corpus]"); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (Federal claims challenging the conditions of confinement generally do not arise under § 2241); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (A habeas corpus petition attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement; while a civil rights action, in contrast, attacks conditions of the prisoner's confinement).

Thus, should Mr. Richwine wish to pursue this claim, he would need to file a separate action under 42 U.S.C. § 1983. Accordingly, the Court recommends this claim be dismissed.

**BACKGROUND**

On October 11, 2007, Petitioner was convicted following a jury trial in the Twelfth

3

Judicial District, Otero County of New Mexico, in No. 1215-CR-200700276, of the following crimes: one count of Trafficking Controlled Substances (by possession with intent to distribute), N.M.S.A. 1978 § 30-31-20(A)(3), a second degree felony; one count of Possession of Marijuana (one ounce or less), N.M.S.A. 1978 § 30-31-23(B)(1), a petty misdemeanor; and one count of Use of Possession of Drug Paraphernalia, N.M.S.A. 1978 § 30-31-25.1(A), a misdemeanor. *Doc. 8*, Exhibit A. As a result of the foregoing, Petitioner was sentenced to a total prison term of twenty-two years, to be followed by a mandatory parole term of two years. *Id.*

Mr. Richwine timely filed a *pro se* notice of direct appeal, and a counseled docketing statement to the New Mexico Court of Appeals. *Doc. 1*, Ex. G, Att. 4 & 5. In the docketing statement, Mr. Richwine challenged the following: (1) sufficiency of the evidence to support his convictions; (2) whether he should have been convicted of "trafficking" a controlled substance when the charging document allegedly said "manufacturing"; (3) whether he should have been convicted of trafficking a controlled substance when there was no evidence of sale or conveyance to another; (4) whether the trial court should have granted Mr. Richwine's Motion to Continue; (5) whether the trial court prejudged Mr. Richwine as evidenced through comments made during sentencing; and (6) whether the trial court erred in admitting and publishing photos of alleged paraphernalia to the jury. *Id.*, At. 4. Later, Mr. Richwine attempted to amend his docketing statement to include

claims of ineffective assistance of counsel. *Id.*, Att. 5. The New Mexico Court of Appeals refused to allow Mr. Richwine to add an ineffective assistance of counsel claim, and affirmed his conviction in a Memorandum Opinion on December 4, 2008. *Id.*, Att. 6.

Appellate counsel for Mr. Richwine then filed a petition for a writ of certiorari with the New Mexico Supreme Court, in which he alleged the same arguments previously raised in his direct appeal, and also added an ineffective assistance of counsel claim. *Doc. 1*, Ex. G, Att. 7. The New Mexico Supreme Court denied certiorari on January 7, 2009. *Id.*, Att. 8.

Following this denial, Mr. Richwine filed a *pro se* petition for a writ of habeas corpus in the Twelfth Judicial District on March 13, 2009. *Id.*, Att. 10; *see id.*, Att. 11 (verification of date). In his state habeas petition, Mr. Richwine alleged the following claims: (1) prosecutorial misconduct; (2) various ineffective assistance of counsel claims; and (3) judicial bias and abuse of discretion. *Id.*, Att. 10. The district court summarily dismissed Mr. Richwine's petition on April 1, 2009. *Id.*, Att. 11. There is no evidence in the record that Petitioner pursued a writ of certiorari with the New Mexico Supreme Court with regard to the district court's denial of his habeas petition.

On September 9, 2009, Mr. Richwine filed his petition for a writ of habeas corpus in this Court. *Doc. 1*. In his petition, Mr. Richwine seeks to vacate, set aside or correct what he contends is an illegal sentence entered in his state court trial proceeding. *See Doc. 1*. His

5

petition raises several issues including the following claims: (1) there was insufficient evidence to support Mr. Richwine's conviction for possession of cocaine with intent to distribute; (2) Mr. Richwine was improperly charged with trafficking cocaine after originally being charged with manufacturing the drug; (3) the trial court erred in admitting photographs of alleged paraphernalia to produce crack cocaine; (4) Mr. Richwine was denied a fair sentencing hearing; (5) various grounds of ineffective assistance of counsel; (6) prosecutorial misconduct; and (7) judicial bias.[1]  *Id.*

Respondent argues that Mr. Richwine's petition is a "mixed" petition containing both exhausted and unexhausted claims.  *Doc. 8* at 1.  Respondent asks that this Court either dismiss Mr. Richwine's petition without prejudice since state remedies have not been exhausted as to all claims, or dismiss Mr. Richwine's petition on the merits because neither his exhausted nor unexhausted claims qualify him for habeas relief in federal court.  *Doc. 9* at 6-7.  Mr. Richwine responds by asserting that he is allowed to enhance his claims and that the Court may relax the total exhaustion requirement where a petitioner presents a colorable claim of actual innocence.  *Doc. 12* at 1-2.  Respondent counters this argument by contending that Mr. Richwine has not presented sufficient grounds to be entitled to a relaxed total exhaustion requirement, and that Petitioner's responsive pleading is the first

---

[1] As noted above, Mr. Richwine's application also contained an eighth claim, that he has not been provided with adequate legal material in prison.  The Court addressed this contention above, and recommended dismissal of that claim since a federal habeas application is not the proper vehicle for pursuing such a claim.  *See supra*, pg. 3.

time he has made any claim of actual innocence. *Doc. 13* at 1-2. The Court addresses each of these arguments below.

## EXHAUSTION

An applicant for relief under 28 U.S.C. § 2254 must first exhaust the remedies available in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). "A claim has been exhausted when it has been 'fairly presented' to the state court." *Bland*, 459 F.3d at 1011 (*quoting Picard v. Connor*, 404 U.S. 270, 275 (1971)). Additionally, the applicant must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This includes pursuing discretionary review when that review is part of a state's ordinary appellate review process. *Id.*

Here, Petitioner has presented both exhausted and unexhausted claims in his federal habeas application. The Court classifies each of his claims below.

I.   Ineffective Assistance of Counsel:

Mr. Richwine brings a total of twelve grounds for ineffective assistance of counsel in his present petition. *See Doc. 1* at 10-21. Specifically, Mr. Richwine alleges that his counsel was deficient in the following ways: (1) he failed to conduct adequate investigation; (2) he failed to consult with Mr. Richwine; (3) he failed to present expert testimony; (4) he

failed to request a change of venue; (5) he failed to pursue other potentially meritorious pre-trial motions; (6) he failed to impeach damaging prosecution witnesses; (7) he failed to challenge and excuse for cause biased jurors; (8) he failed to challenge grand jury testimony; (9) he failed to request instructions on lesser-included offenses; (10) he failed to file an appeal on behalf of Mr. Richwine; (11) he failed to rebut prosecutor's remarks concerning his prior criminal history; and (12) he failed to investigate and rebut prosecutor's statements about his financial status. *Id.*

Four of those complaints - grounds 2, 4, 7, and 11 - were presented to the New Mexico Court of Appeals on a motion to amend Mr. Richwine's docketing statement during Petitioner's direct appeal. *See Doc. 1*, Ex. G, Att. 5, 6, & 7. Upon review of that motion, the New Mexico Court of Appeals noted that Petitioner's claims of ineffective assistance of counsel could be attributed to trial tactics or strategy and held that Mr. Richwine had not made a *prima facie* case for ineffective assistance of counsel. *Id.*, Att. 6 at 12-14.

Mr. Richwine then filed a petition for writ of certiorari to the New Mexico Supreme Court, in which he included three of those claims - grounds 2, 4, and 7. *See Doc. 1*, Ex. G, Att. 10. Accordingly, since Mr. Richwine fairly presented grounds 2, 4, and 7 to the New Mexico state courts, and invoked one complete round of the appellate review process, those claims have been exhausted. *See O'Sullivan*, 526 U.S. at 845. However, since Mr. Richwine

8

failed include ground 11 in his petition for certiorari, that ground is unexhausted.

Most of Mr. Richwine's remaining ineffective assistance of counsel claims were considered for the first time in his state habeas petition. *See Doc. 1*, Ex. G, Att. 11; *Doc. 1*. With regard to these claims - those being grounds 1, 3, 5, 6, 8, 9, and 10 - the state district court rejected Petitioner's assertions stating they were "insufficient to cast doubt on the validity of his conviction," and that Mr. Richwine lacked the factual bases to support such claims. *Doc. 1*, Ex. G, Att. 11.

In order for Mr. Richwine's state habeas claims to have been exhausted, he would have needed to seek certiorari review for those claims, which he never did. *See O'Sullivan*, 526 U.S. at 845. Thus, grounds 1, 3, 5, 6, 8, 9, and 10 of Mr. Richwine's ineffective assistance of counsel claims are unexhausted. Additionally, Mr. Richwine is bringing ground 12 for the first time before this Court, and so that claim is also unexhausted. *See Lee v. Crouse*, 451 F.3d 598, 611 (10th Cir. 2006).

II.   Remaining Claims:

In addition to Mr. Richwine's ineffective assistance of counsel claims, Petitioner alleges several complaints related to prosecutorial misconduct. *See Doc. 1* at 23-24. Mr. Richwine also alleged the same claims of prosecutorial misconduct in his state habeas petition. *See Doc. 1*, Ex. G, Att. 10. However, Mr. Richwine failed to raise those issues in his direct appeal, and since he never sought a writ of certiorari to the New Mexico Supreme

9

Court for his state habeas petition, his prosecutorial misconduct claims are also unexhausted.[2] *See O'Sullivan*, 526 U.S. at 845.

The remainder of Mr. Richwine's claims: (1) that there was not sufficient evidence to support his convictions; (2) that being charged with trafficking cocaine after originally being charged with manufacturing was improper; (3) that the trial court erred by admitting photographs of alleged paraphernalia; (4) that he was denied of a fair sentencing hearing; and (5) that there was judicial bias, have all been exhausted as they were raised in his direct appeal, and his application for writ for certiorari of that appeal.

III. <u>Treatment of "Mixed Petition"</u>:

Given that Mr. Richwine's petition contains both exhausted and unexhausted claims, his petition is "mixed." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Since Mr. Richwine has presented a "mixed petition" this Court has limited options regarding how to handle his habeas application.[3] This Court may do one of four things: "(1) dismiss the mixed petition

---

[2] In certain circumstances where a petitioner has presented unexhausted claims, those claims become procedurally defaulted in federal court if the claims would be procedurally barred in state court. *See Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). Here, procedural default is unavailable because New Mexico does not impose a statute of limitations on habeas petitioners, *State v. Sutphin*, 142 N.M. 191, 195 (2007), and review of second or successive habeas petitions in state court is discretionary, *see* N.M.S.A. 1978, § 31-11-6(D). Thus, theoretically at least, Mr. Richwine could attempt to exhaust his claims by filing a new state habeas petition alleging his unexhausted claims.

[3] As stated above, Mr. Richwine asserts that this Court may relax the total exhaustion requirement where a petitioner presents a colorable claim of actual innocence. *Doc. 12* at 1-2. To the contrary, there is no avoiding the exhaustion requirement. "Congress has emphatically directed us that habeas petitioners seeking relief in federal court **must** first exhaust all available state court remedies." *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (quotations and citations omitted) (emphasis added). Perhaps Mr. Richwine is confusing the standards under exhaustion and procedural default. *See*

in its entirety . . . ; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . ." *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

Given the complexity of Petitioner's unexhausted claims, they are not readily dismissed on the merits. Consequently, I do not believe it is appropriate to review them and ignore the exhaustion requirement.

Moreover, I will not recommend dismissal of the case without prejudice. AEDPA contains a one-year statute of limitations governing habeas claims. *See* 28 U.S.C. § 2244(d). Federal habeas petitions do not toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). By the time the deadline for objections passes and the presiding judge rules on my recommendations, this suit will have been pending for almost six months in federal court. Because the AEDPA statute of limitation would not be tolled during that time, those days would be added to the almost five months which elapsed between the time the state court denied habeas relief and Petitioner filed his federal habeas application.

---

*Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (discussing how the "fundamental miscarriage of justice" standard is available to rebut procedural default "where a constitutional violation has probably resulted in the conviction of one who is actually innocent").

*See, e.g., Rhines v. Weber*, 544 U.S. 269, 274-75 (2005) ("Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations") (*citing Duncan*, 533 U.S. at 181-82). Thus, denying Mr. Richwine's petition will almost certainly push this case well past the limitations period.

Similarly, the "stay and abeyance" mechanism is not appropriate in this case. The Supreme Court has explained that the "stay and abeyance" method should only be available in instances where the petitioner can: (1) show good cause for failing to present the claims before the state court in the first instance; and (2) show that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. Mr. Richwine has presented no argument that there is "good cause" to excuse his failure to present his unexhausted claims to the state court. Moreover, nothing in the pleadings before the court point to the existence of the requisite "good cause."

In light of these considerations, I will recommend that this Court allow Petitioner the opportunity to amend his federal petition to delete the unexhausted claims. Mr. Richwine's pleadings are lengthy and drawn out. Therefore, instead of permitting him to file another federal petition, I believe that the best procedure would be to have Petitioner signify his deletion of those claims by a one-page document.

Of course, Petitioner may instead elect to return to state court to present his unexhausted claims. But, if he does, this federal habeas suit will be dismissed. Petitioner is hereby advised that, in such a circumstance, the federal habeas one-year limitations period would apply to all his claims, even those which are now exhausted and properly before this court. *See generally Salazar v. Lemaster*, 130 Fed. App'x 208, 210 (10th Cir. 2005). In short, given the time that has elapsed already, the likely consequence of this option would be that all of Petitioner's federal claims would be time-barred.

## **CONCLUSION**

Petitioner has raised the following claims in his federal habeas application: (1) there was not sufficient evidence to support his convictions, (2) he was improperly charged with trafficking cocaine after originally being charged with manufacturing; (3) the trial court erred by admitting photographs of alleged paraphernalia; (4) he was denied a fair sentencing hearing; (5) twelve grounds of ineffective assistance of counsel; (6) prosecutorial misconduct; (7) judicial bias; and (8) insufficient access to legal materials. Federal habeas relief is an improper vehicle for bringing Mr. Richwine's eighth claim, and it should be dismissed. While most of Mr. Richwine's claims have been exhausted, eight of his ineffective assistance of counsel claims as well as his prosecutorial misconduct claims are unexhausted. Since, Mr. Richwine presents this Court with a mixed petition, he should amend his federal petition to delete the unexhausted claims, or request this Court dismiss

13

his petition without prejudice so that he may exhaust those claims in state court.

**Wherefore,**

**IT IS HEREBY RECOMMENDED THAT:**

(1) Respondent's Motion to Dismiss (*Doc. 9*), be granted with regard to Mr. Richwine's claim of insufficient access to legal materials, and that claim be dismissed with prejudice;

(2) With regard to Mr. Richwine's remaining claims, Respondent's Motion to Dismiss (*Doc. 9*), should be denied at this time;

(3) Grounds 1, 3, 5, 6, 8, 9, 10, 11, and 12 of Mr. Richwine's ineffective assistance of counsel claim, along with his prosecutorial misconduct claims be found unexhausted and his federal petition "mixed;"

(4) If these proposed findings are adopted, Mr. Richwine must file a one-page certification stating that he has elected to delete his unexhausted claims, within thirty days of the District Judge's Order adopting these findings;

(5) If these proposed findings are adopted and Mr. Richwine fails to file a certificate to delete the unexhausted claims within thirty days of the District Judge's Order, he is put on notice that his Petition can be dismissed and that the AEDPA statute of limitations applies to all claims brought in this action;

**IT IS FURTHER ORDERED THAT:**

(1) Mr. Richwine's Motion for Appointment of Counsel (*Doc. 6*) is denied.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE