IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD D. RICHWINE,

    Petitioner,

v.                                        No. CV 09-0870 JB/GBW

ANTHONY ROMERO, Warden,

    Respondent.

## AMENDED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on consideration of Petitioner Richwine's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed September 9, 2009 (*Doc. 1*), Respondent's Answer (*Doc. 8*), and Motion to Dismiss (*Doc. 9*), both filed October 15, 2009 (*Doc. 14*). On February 2, 2010, I issued Proposed Findings and Recommended Disposition for the District Judge's review. *See Doc. 17.* I concluded from the record then before the Court that the majority of Petitioner's claims were unexhausted. *Id.* at 7-9. Therefore, I recommended allowing the Petitioner to amend his federal petition to delete the unexhausted claims. *Id.* at 11-13.

Subsequently, Respondent submitted the Record Proper for this case. *See Doc. 26.* The Record Proper includes a copy of Mr. Richwine's Petition for Writ of Certiorari to the New Mexico Supreme Court following the denial of his state habeas application. *See Doc.*

1

*26.* That petition, which was not previously in this Court's record, changes the exhaustion analysis. Given that Petitioner appealed the denial of his state habeas petition, some of his claims which were previously deemed unexhausted by this Court, have in fact been exhausted. However, since Mr. Richwine's habeas application still contains significant unexhausted claims, his petition is mixed and I again recommend he be given an opportunity to delete his unexhausted claims before this Court moves forward with analyzing the merits of his claims.[1]

## PROCEDURAL BACKGROUND

On October 11, 2007, Petitioner was convicted following a jury trial in the Twelfth Judicial District, Otero County of New Mexico, in No. 1215-CR-200700276, of the following crimes: one count of Trafficking Controlled Substances (by possession with intent to distribute), N.M.S.A. 1978 § 30-31-20(A)(3), a second degree felony; one count of Possession of Marijuana (one ounce or less), N.M.S.A. 1978 § 30-31-23(B)(1), a petty misdemeanor; and one count of Use or Possession of Drug Paraphernalia, N.M.S.A. 1978 § 30-31-25.1(A), a misdemeanor. *R.P.* at 171. As a result of the foregoing, Petitioner was sentenced to a total prison term of nine years,[2] to be followed by a mandatory parole term of two years. *Id.*

---

[1] The Court will reinstate its recommendation regarding Petitioner's claim that he has not been provided with adequate legal materials by the Central New Mexico Correctional Facility. *See n. 3, infra.*

[2] Mr. Richwine was sentenced to nine years for Count I, fifteen days for Count II, and three-hundred and sixty-four days for Count III, which were to run concurrently.

Mr. Richwine timely filed a *pro se* notice of direct appeal, and a counseled docketing statement to the New Mexico Court of Appeals. *Doc. 1*, Ex. G, Att. 4 & 5. In the docketing statement, Mr. Richwine challenged the following: (1) sufficiency of the evidence to support his convictions; (2) whether he should have been convicted of "trafficking" a controlled substance when the charging document allegedly said "manufacturing"; (3) whether he should have been convicted of trafficking a controlled substance when there was no evidence of sale or conveyance to another; (4) whether the trial court erred by denying Mr. Richwine's motion to continue his sentencing; (5) whether the trial court prejudged Mr. Richwine as evidenced through comments made during sentencing; and (6) whether the trial court erred in admitting and publishing photos of alleged paraphernalia to the jury. *Id.*, Att. 4.

Later, Mr. Richwine attempted to amend his docketing statement to include claims of ineffective assistance of counsel. *Id.*, Att. 5. The New Mexico Court of Appeals denied the motion to amend finding that the record was insufficient for review of the ineffective assistance claims on direct appeal. *Id.*, Att. 6. The Court of Appeals then affirmed his conviction in a Memorandum Opinion on December 4, 2008. *Id.* Subsequently, Mr. Richwine filed a petition for a writ of certiorari with the New Mexico Supreme Court, in which he raised the same arguments made to the Court of Appeals. *Doc. 1*, Ex. G, Att. 7. The New Mexico Supreme Court denied certiorari on January 7, 2009. *Id.*, Att. 8.

Following this denial, Mr. Richwine filed a *pro se* petition for a writ of habeas corpus in the Twelfth Judicial District of New Mexico on March 13, 2009. *Id.*, Att. 10. In his state habeas petition, Mr. Richwine presented the following claims: (1) prosecutorial misconduct; (2) various ineffective assistance of counsel claims; and (3) judicial bias and abuse of discretion. *Id.* The district court denied Mr. Richwine's petition on April 1, 2009. *Id.*, Att. 11. On April 22, 2009, Petitioner filed a writ of certiorari with the New Mexico Supreme Court seeking review of the denial, but the writ was denied on May 8, 2009. *Doc. 26*, Ex. A, Ex. B.

On September 9, 2009, Mr. Richwine filed his habeas corpus application in this Court. *Doc. 1.* In his petition, Mr. Richwine makes the following claims: (1) there was insufficient evidence to support his conviction for trafficking cocaine; (2) he was improperly charged with trafficking cocaine after originally being charged with manufacturing the drug; (3) the trial court erred in admitting photographs of alleged paraphernalia to produce crack cocaine; (4) he was denied a fair sentencing hearing; (5) his counsel was constitutionally ineffective on a number of grounds; (6) his conviction was tainted by prosecutorial misconduct; (7) the judge was impermissibly biased against him; and (8) he receives inadequate legal material in prison.[3] *Doc. 1.*

---

[3] This is not a proper claim to raise in a habeas suit. This claim relates to conditions of confinement, and therefore is not cognizable in a habeas corpus petition. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of [the 'core' of habeas corpus]"); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (Federal

Before this Court may consider his claims on the merits, I must first determine whether Mr. Richwine has properly exhausted all his claims in state court. *See* 28 U.S.C. § 2254(b)(1)(A). Mr. Richwine bears the burden of showing that he exhausted his state court remedies. *See Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

## EXHAUSTION

The long-standing requirement that a state habeas petitioner exhaust state remedies for every federal habeas claim remains after the passage of AEDPA:

> Congress has emphatically directed us that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies - that is, unless doing so would be futile because of an absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant. Under this requirement, federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims.

*Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (citations and quotations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("The exhaustion doctrine, first announced in *Ex parte Royall*, 117 U.S. 241 (1886), is now codified at 28 U.S.C. § 2254(b)(1)"). The exhaustion requirement is based on the doctrine of comity. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and

---

claims challenging the conditions of confinement generally do not arise under § 2241); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (A habeas corpus petition attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement; while a civil rights action, in contrast, attacks conditions of the prisoner's confinement). Thus, should Mr. Richwine wish to pursue this claim, he would need to file a separate action under 42 U.S.C. § 1983. Accordingly, the Court recommends this claim be dismissed.

state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotations omitted); *see also e.g., Wilson v. Workman*, 577 F.3d 1284, 1294 (10th Cir. 2009).

In order to satisfy the exhaustion requirement, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (citations omitted); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982). Courts hold that there was "fair presentation" of a prisoner's claim when the "substance of the claim" was raised before the state court through a complete direct appeal or in a complete round of post-conviction proceedings. *E.g., Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997).

## **ANALYSIS**

A review of the record supports a finding that Mr. Richwine's claims are exhausted with the exception of four of his ineffective assistance of counsel claims. In his federal petition, Mr. Richwine brings a total of twelve grounds for ineffective assistance of counsel. *See Doc. 1* at 10-21. Specifically, Mr. Richwine alleges that his counsel, Mr. Mario Torrez, was ineffective in the following ways: (1) he failed to conduct adequate investigation; (2) he failed to consult with Mr. Richwine; (3) he failed to present expert testimony; (4) he

6

failed to request a change of venue; (5) he failed to file a motion to recuse the trial judge; (6) he failed to impeach damaging prosecution witnesses; (7) he failed to challenge and excuse for cause biased jurors; (8) he failed to challenge grand jury testimony; (9) he failed to request instructions on lesser-included offenses; (10) he failed to file an appeal on behalf of Mr. Richwine; (11) he failed to rebut prosecutor's remarks concerning his prior criminal history; and (12) he failed to investigate and rebut prosecutor's statements about his financial status. *Id.* For exhaustion purposes, each of these separate bases for ineffective assistance claims must have been fairly presented through a full round of state court review. *See Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999) (holding that petitioner failed to exhaust state remedies when he based ineffective assistance of counsel claim in habeas petition on different reasons than those presented in state direct appeal).

I.      **Direct Appeal:**

In Mr. Richwine's direct appeal, he attempted to amend his docketing statement to include certain claims of ineffective assistance of counsel. *Doc. 1*, Ex. G, Att. 5. Those claims included the following alleged deficiencies of counsel: (1) failure to request a change of venue; (2) failure to investigate and document Mr. Richwine's lack of prior criminal record; (3) failure to communicate with Mr. Richwine about his case; (4) failure to challenge for cause several jurors biased toward law enforcement; and (5) failure to move to suppress evidence. *Id.* The New Mexico Court of Appeals refused to grant Petitioner's motion and

indicated that a habeas corpus proceeding would be a more appropriate avenue for bringing those claims. *Id.* at 1-2, *12-13.* ; *see also Doc. 1*, Ex. G, Att. 8 (New Mexico Supreme Court affirming Court of Appeals without opinion). Specifically, the Court of Appeals found that the record before it was limited regarding Petitioner's ineffective assistance of counsel claims and held that "[i]f facts necessary to [make] a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition . . . ." *Id.* at 12.

Raising ineffective assistance of counsel claims on direct appeal where the trial court record is not adequately developed to consider such claims does not satisfy the fair presentation requirement for federal habeas purposes. *See Ellison v. Rogers*, 484 F.3d 658, 660 (3rd Cir. 2007); *see also Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005); *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such fashion does not . . . constitute fair presentation" for purposes of the habeas exhaustion requirement); *Picard v. Connor*, 404 U.S. 270, 277 (1971) ("fair presentation" requires that court be afforded the "opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim"). Consequently, Mr. Richwine's attempt to present his ineffective assistance claims during his direct appeal when the record was insufficient to consider

them did not satisfy the exhaustion requirement.

## II. State Habeas Petition:

In Mr. Richwine's state habeas petition, he made the following claims of ineffective assistance of counsel: (1) counsel failed to conduct an adequate investigation; (2) counsel failed to consult with Petitioner; (3) counsel failed to present expert witness testimony; (4) counsel failed to request a change of venue; (5) counsel failed to challenge grand jury testimony; (6) counsel failed to impeach prosecution witnesses; (7) counsel failed to request instructions on lesser-included offenses; and (8) counsel failed to file a direct appeal. *Doc. 1*, Ex. G, Att. 10 at 5-6.

After the district court denied his habeas application (*Doc. 1*, Ex. G, Att. 11), Mr. Richwine filed an application for writ of certiorari to the New Mexico Supreme Court (*Doc. 26*, Ex. A), which included the ineffective assistance of counsel claims referenced in the previous paragraph. Thus, those claims were exhausted as they were fairly presented through one full round of review in the state court. *See Baldwin,* 541 U.S. at 29.

## III. Unexhausted Claims:

Because Mr. Richwine's ineffective assistance claims were not fairly presented to the state court on direct appeal, I need only compare the claims made in Mr. Richwine's state habeas petition with the ones made in his federal petition. *See supra* at 7-8; *Baldwin,* 541 U.S. at 29. This comparison reveals that four of Mr. Richwine's twelve instant allegations

of ineffective assistance were not made in his state petition. Those claims are: (1) counsel's failure to file a motion to recuse the trial judge; (2) counsel's failure to challenge and excuse for cause biased jurors; (3) counsel's failure to rebut prosecutor's remarks concerning his prior criminal history; and (4) counsel's failure to investigate and rebut prosecutor's statements about his financial status. Since Mr. Richwine did not assert any of these claims in his state habeas petition, they remain unexhausted.[4] *See Smallwood*, 191 F.3d at 1267. Given that Mr. Richwine's petition contains both exhausted and unexhausted claims, his petition is "mixed." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

## IV.    Treatment of "Mixed Petition":

Since Mr. Richwine has presented a "mixed petition," the Court has limited options regarding how to handle his habeas application. This Court may do one of four things: "(1) dismiss the mixed petition in its entirety . . . ; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement altogether and deny the petition on

---

[4] In certain circumstances where a petitioner has presented unexhausted claims, those claims become procedurally defaulted in federal court if the claims would be procedurally barred in state court. *See Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). Here, procedural default is not applicable because New Mexico does not impose a statute of limitations on habeas petitioners, *State v. Sutphin*, 142 N.M. 191, 195 (2007), and review of second or successive habeas petitions in state court is discretionary, *see* N.M.S.A. 1978, § 31-11-6(D). Thus, Mr. Richwine could attempt to present these claims in a new state habeas petition alleging his unexhausted claims.

the merits if none of the petitioner's claims has any merit . . . ." *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

Given the complexity of Petitioner's unexhausted claims, they are not readily dismissed on the merits. Consequently, I do not believe it is appropriate to review them and ignore the exhaustion requirement. Moreover, I will not recommend dismissal of the case without prejudice. AEDPA contains a one-year statute of limitations governing habeas claims. *See* 28 U.S.C. § 2244(d). Federal habeas petitions do not toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). By the time the deadline for objections passes and the presiding judge rules on my recommendations, this suit will have been pending for almost eleven months in federal court. Because the AEDPA statute of limitations would not be tolled during that time, those days would be added to the almost five months which elapsed between the time the state court denied habeas relief and Petitioner filed his federal habeas application. *See, e.g., Rhines v. Weber*, 544 U.S. 269, 274-75 (2005) ("Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations") (*citing Duncan*, 533 U.S. at 181-82). Thus, dismissing Mr. Richwine's petition will almost certainly push this case well past the limitations period.

Similarly, the "stay and abeyance" mechanism is not appropriate in this case. The

Supreme Court has explained that the "stay and abeyance" method should only be available in instances where the petitioner can: (1) show good cause for failing to present the claims before the state court in the first instance; and (2) show that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. Mr. Richwine has presented no argument that there is "good cause" to excuse his failure to present his unexhausted claims to the state court. Moreover, nothing in the pleadings before the Court point to the existence of the requisite "good cause."

In light of these considerations, I will recommend that this Court allow Petitioner the opportunity to amend his federal petition to delete the unexhausted claims. Mr. Richwine's pleadings are lengthy and drawn out. Therefore, instead of permitting him to file another federal petition, I believe that the best procedure would be to have Petitioner signify his deletion of those claims by a one-page document.

Of course, Petitioner may instead elect to return to state court to present his unexhausted claims. But, if he does, this federal habeas suit will be dismissed. Petitioner is hereby advised that, in such a circumstance, the federal habeas one-year limitations period would apply to all his claims, even those which are now exhausted and properly before this Court. *See generally Salazar v. Lemaster*, 130 Fed. App'x 208, 210 (10th Cir. Mar. 3, 2005). In short, given the time that has elapsed already, the likely consequence of electing this option would be that all of Petitioner's federal claims would be time-barred.

## **CONCLUSION**

Petitioner has raised the following claims in his federal habeas application: (1) there was not sufficient evidence to support his convictions, (2) he was improperly charged with trafficking cocaine after originally being charged with manufacturing; (3) the trial court erred by admitting photographs of alleged paraphernalia; (4) he was denied a fair sentencing hearing; (5) twelve separate grounds of ineffective assistance of counsel; (6) prosecutorial misconduct; (7) judicial bias; and (8) insufficient access to legal materials. While most of Mr. Richwine's claims have been exhausted, four of the ineffective assistance claims are unexhausted. Because Mr. Richwine presents this Court with a mixed petition, he should amend his federal petition to delete the unexhausted claims, or request this Court to dismiss his petition without prejudice so that he may exhaust those claims in state court.

**Wherefore,**

**IT IS HEREBY RECOMMENDED THAT:**

(1) The following claims of ineffective assistance be found unexhausted: (a) counsel's failure to file a motion to recuse the trial judge; (b) counsel's failure to challenge and excuse for cause biased jurors; (c) counsel's failure to rebut prosecutor's remarks concerning his prior criminal history; and (d) counsel's failure to investigate and rebut prosecutor's statements about his financial status;

(2) Mr. Richwine's federal habeas application be treated as a "mixed petition;"

(3) If these proposed findings are adopted, Mr. Richwine be ordered to file a

        one-page certification stating that he has elected to delete his unexhausted claims within thirty days of the District Judge's Order adopting these findings;

(4)     If these proposed findings are adopted and Mr. Richwine fails to file a certificate to delete the unexhausted claims within thirty days of the District Judge's Order, he be put on notice that his petition can be dismissed and that the AEDPA statute of limitations applies to all claims brought in this action;

(5)     Respondent's Motion to Dismiss (*Doc. 9*) be granted with regard to Mr. Richwine's claim of insufficient access to legal materials, and that claim be dismissed with prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

                                              _____
                                              UNITED STATES MAGISTRATE JUDGE