IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD D. RICHWINE,

    Petitioner,

vs.                                                           No. CIV 09-0870 JB/GBW

ANTHONY ROMERO, Warden,

    Respondent.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on the Magistrate Judge's Amended Proposed Findings and Recommended Disposition, filed July 1, 2010 (Doc. 33)("PFRD"). In his PFRD, the Honorable Gregory B. Wormuth, United States Magistrate Judge, found that Petitioner Richard D. Richwine's federal habeas application was "mixed," containing both exhausted and unexhausted claims. See PFRD at 1-2. He recommended that Richwine be given an opportunity to either delete his unexhausted claims or return to state court to present his unexhausted claims. See PFRD at 13-14. Judge Wormuth put Richwine on notice that, if the District Court adopted his recommendations and Richwine failed to submit a one-page certificate signifying the deletion of his unexhausted claims within the required time limit, the District Court could dismiss his habeas application, and the statute of limitations[1] in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (codified as amended in scattered sections of 28 U.S.C.)("AEDPA"), would apply to all claims in his Petition. See PFRD at 14.

Richwine filed Objections to the PFRD, see Petitioner's Response to Respondent's

---

[1] 28 U.S.C. § 2244(d).

Document No. (33) Filed 07/01/2010, filed July 19, 2010 (Doc. 34)("Objections"); however, after a de novo review, the Court filed an Order adopting in part Judge Wormuth's PFRD. See Order Adopting in Part the Magistrate Judge's Amended Proposed Findings and Recommended Disposition, September 16, 2010 (Doc. 35)("Order Adopting in Part PFRD"). In that order, the Court explained that it agreed with Judge Wormuth that some of Richwine's claims were unexhausted. The Court instructed Richwine that, if he wished to proceed with his application in federal court, he had thirty days to submit a one-page certificate stating that he had elected to delete the unexhausted claims.[2] See Order Adopting in Part PFRD at 10. The Court further warned Richwine that, if he failed to file a certificate deleting his unexhausted claims within thirty days of the Court's Order Adopting in Part PFRD, the Court would deem him to have elected to return to state court to present his unexhausted claims and the Court would dismiss his Petition. See Order Adopting in Part PFRD at 10-11. Richwine's certificate was due on October 18, 2010. To date, Richwine has not filed any certificate with the Court, and there is nothing in the record indicating that the Order Adopting in Part PFRD was not delivered.

Instead of filing the document the Court discussed in its Order Adopting in Part PFRD, Richwine filed, on October 14, 2010, a Motion for Default Judgment. See Motion to Grant Petitioner a Default Judgment Based on Time Limit Expiration, filed October 14, 2010 (Doc. 36)("Motion for Default Judgment"). The two-sentence motion states: "Petitioner Richard Richwine is motioning this court to grant relief requested in his Habeas Corpus Petition and immediate release from confinement from respondent Anthony Romero. Commencement of time has expired in this

---

[2] In Richwine's Objections, he argued that he was entitled to a stay and abeyance in his case to return to state court to raise his unexhausted claims. See Objections at 3. The Court found that argument unpersuasive and overruled that objection. See Order Adopting in Part PFRD at 9.

matter; therefore, petitioner is requesting a default judgment based on Time Limit Expiration." Motion for Default Judgment at 1.[3]

When a party against whom an action is brought fails to "plead or otherwise defend," and that failure is shown by affidavit or otherwise, the court clerk must enter the party's default. Fed. R. Civ. P. 55(a). Thereafter, the prevailing party may ask the Court to enter default judgment. See Fed. R. Civ. P. 55(b)(2). In the context of habeas cases, the "Rules Governing § 2254 Cases" do not provide for default judgments. Rules Governing § 2254 Cases, Rules 1-12, 28 U.S.C. § 2254. Some courts have even held that default judgment is inappropriate in habeas corpus proceedings.[4] Here, Romero has filed every pleading required of him and, thus, Richwine has no basis for requesting default judgment. Accordingly, the Court will deny Richwine's motion.

Richwine has failed to submit his certificate signifying deletion of his unexhausted claims. He is, pursuant to the Court's Order Adopting in Part PFRD, deemed to have elected to return to state court to present his unexhausted claims. The Court will dismiss his Petition without prejudice.

**IT IS ORDERED** that: (I) Petitioner Richard D. Richwine's Motion to Grant Petitioner a Default Judgment Based on Time Limit Expiration, filed October 14, 2010 (Doc. 36) is denied; and (ii) Richwine's application for habeas relief pursuant to 28 U.S.C. § 2254 is dismissed without prejudice on the grounds that it contains unexhausted claims.

---

[3] In the event that Richwine is referring to the AEDPA statute of limitations as the basis for his Motion for Default Judgment, the AEDPA's one year period of limitation applies "to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 18 U.S.C. § 2244(d)(1). This time limitation is therefore not a proper basis for requesting default judgment against Respondent Anthony Romero, Warden.

[4] See Stines v. Martin, 849 F.2d 1323, 1324 (10th Cir. 1988)(citing Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987)); Bermudez v. Reid, 733 F.2d 18 (2d Cir. 1984); United States ex rel. Mattox v. Scott, 507 F.2d 919 (7th Cir. 1974); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970). See also Sparrow v. United States, 174 F.R.D. 491, 492 (D. Utah 1997).

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Richard D. Richwine
Central New Mexico Correctional Facility
Los Lunas, New Mexico

    *Plaintiff pro se*

Gary K. King
  Attorney General for the State of New Mexico
Margaret E. McLean
  Assistant Attorney General
Santa Fe, New Mexico

    *Attorneys for the Defendant*