IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD D. RICHWINE,

    Petitioner,

vs.

                                                                               No. CIV 09-0870 JB/GBW

ANTHONY ROMERO, Warden,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's Motion for Reconsideration, filed April 13, 2012 (Doc. 60)("Motion to Reconsider"). In that Motion to Reconsider, Petitioner Richard D. Richwine asks the Court to reconsider its decision, see Order Overruling Objections and Adopting the Proposed Findings and Recommended Disposition, filed March 30, 2012 (Doc. 58)("Order Adopting PFRD"), to overrule his untimely objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 8, 2012 (Doc. 52)("PFRD"), and also to reconsider its decision to deny his Petition for a Writ of Habeas Corpus by a Person in State Custody, filed September 9, 2009 (Doc. 1)("Petition"). Finding that Richwine's arguments lack a sound basis in the law and in the facts of this case, the Court will deny Richwine's Motion to Reconsider.

## PROCEDURAL BACKGROUND

On September 11, 2009, the Court referred this case to the Honorable Gregory B. Wormuth, United States Magistrate Judge, for a recommended disposition of this case. See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings at 1 (Doc. 3). On February 8, 2012, Judge Wormuth filed his PFRD. See Doc.

52. In the PFRD, Judge Wormuth recommended that the Court deny Richwine's Petition. See PFRD at 56. Furthermore, the PFRD indicated that Richwine had fourteen days to file objections to the PFRD. See PFRD at 57.

On February 27, 2012, the day on which Richwine's objections were due,[1] Richwine filed a motion asking the Court to grant him more time to file his objections. See Motion Stating Intent to File Written Objections to "Proposed Findings and Recommended Disposition," Document 52 Filed 02/08/202 and Request for an Extension of Time to Respond, filed February 27, 2012 (Doc. 53)("Motion to Extend Time"). In support of that motion, Richwine stated that he had recently been moved to a different prison and therefore did not have access to the same legal materials as had previously been available to him, and furthermore had only limited space and privacy in which to work on his legal matters. See Motion to Extend Time at 2. Judge Wormuth granted that motion and gave Richwine an additional fourteen days to file his objections. See Order Granting Motion for Extension of Time to File Objections, filed February 28, 2012 (Doc. 54). Richwine timely filed objections on March 13, 2012. See Objections to "Proposed Findings and Recommended Disposition," Doc. 52, Filed 02/08/2012, filed March 13, 2012 (Doc. 56)("Objections"). Richwine then filed a second set of objections on March 29, 2012. See Additional Objections for Doc. 56 to "Proposed Findings and Recommended Disposition," Doc. 52, Filed 02/08/2012, filed March 29, 2012 (Doc. 57)("Second Set of Objections").[2]

---

[1]Fourteen days from the date on which Judge Wormuth filed the PFRD is February 22, 2012. Rule 6(d) of the Federal Rules of Civil Procedure extends the time by three days. See Fed. R. Civ. P. 6(d). This additional time extends the deadline to February 25, 2012. February 25, 2012, however, is a Saturday, and so Richwine had until the following Monday, February 27, 2012. See Fed. R. Civ. P. 6(a)(1)(C).

[2]Richwine indicated on the envelope in which he sent these objections that he sent them on March 23, 2012. See doc. 57 at 10.

On March 30, 2012 the Court entered its Order Adopting PFRD that overruled the Objections and adopted Judge Wormuth's PFRD. <u>See</u> Order Adopting PFRD at 1-2. In the Order Adopting PFRD, the Court analyzed Richwine's first set of Objections and overruled them, with a minor exception that did not change the disposition of the case. <u>See</u> Order Adopting PFRD at 1-2, 25. The Court overruled Richwine's Second Set of Objections on the grounds that they were untimely. <u>See</u> Order Adopting PFRD at 26. Also, on March 30, 2012, the Court issued a Final Judgment dismissing the Petition. <u>See</u> Final Judgment at 1 (Doc. 59). The Court stated that, "[p]ursuant to the Order Overruling Objections and Adopting the Proposed Findings and Recommended Disposition, filed March 30, 2012 (Doc. 58), entered concurrently herewith, the Court enters this Final Judgment . . . dismissing the Petition for a Writ of Habeas Corpus . . . with prejudice." Final Judgment at 1.

Richwine then filed his Motion to Reconsider, <u>see</u> Doc. 60, and his Notice of Appeal, <u>see</u> Doc. 61. The Court received and docketed both documents on April 13, 2012. <u>See</u> Motion to Reconsider at 3; Notice of Appeal at 3. The Motion to Reconsider was filed fifteen minutes before the Notice of Appeal. See Doc. 60 (date/time stamps for notice of electronic filing); Doc. 61 (date/time stamps for notice of electronic filing). Moreover, Richwine noted on the envelopes that he sent the Motion to Reconsider on April 4, 2012, <u>see</u> Motion to Reconsider at 3, and sent the Notice of Appeal on April 9, 2012, <u>see</u> Notice of Appeal at 3.

In the Motion to Reconsider, Richwine asserts that, for reasons unknown, all mail is delayed both coming from and going to his current place of confinement such that it takes six days for mail to travel between Richwine and the sender or recipient. <u>See</u> Motion to Reconsider at 1. Richwine explains that he mailed his objections to a typist, but that a portion of his objections were lost in the mail. <u>See</u> Motion to Reconsider at 1. Richwine represents that, because of the deadline for filing

objections, his typist could not send the Objections to him to review, and therefore sent the Objections directly to the Court. See Motion to Reconsider at 1-2. Richwine contends that, when he received his copy of the filing, he redrafted the missing objections and sent them to the Court. See Motion to Reconsider at 2.

Richwine's filing with the objections that he asserts were missing constituted Richwine's Second Set of Objections, which were received on March 29, 2012. See Doc. 57. Along with adding the objections he asserts were missing, see Motion to Reconsider at 1, Richwine discussed that his mail was delayed and indicated that he had difficulties getting his materials to his typesetter on time, see Second Set of Objections at 1. He did not, however, explain that a portion of his first set of objections had been lost in the mail. See Second Set of Objections at 1.

### LAW REGARDING MOTIONS TO RECONSIDER UNDER RULE 59(e) AND 60

As the United States Court of Appeals for the Tenth Circuit has stated:

Generally, a motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, may be construed in one of two ways: if filed within [Rule 59's time limit] from the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed [too long after] entry of judgment [to satisfy Rule 59's deadline], it is treated as a motion for relief from judgment under Rule 60(b).

Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005)(citations omitted)(internal quotation marks omitted). "[A] motion for reconsideration of the district court's judgment, filed within [Rule 59's filing deadline], postpones the notice of appeal's effect until the motion is resolved." Jones v. United States, 355 F.App'x 117, 121 (10th Cir. 2009)(unpublished). The time limit in rule 59(e) is now twenty-eight days from the entry of a judgment. See Fed. R. Civ. P. 59(e).

Whether a motion for reconsideration should be considered a motion under rule 59 or rule 60 is not only a question of timing, but also "depends on the reasons expressed by the movant."

Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc., No 10-4182, 2011 WL 6739431, at *3 (10th Cir. Dec. 23, 2011). Where the motion "involves 'reconsideration of matters properly encompassed in a decision on the merits,'" a court considers the motion under rule 59(e). Phelps v. Hamilton, 122 F.3d 1309, 1323-24 (10th Cir. 1997). In other words, if the reconsideration motion seeks to alter the district court's substantive ruling, then it should be considered a rule 59 motion and be subject to rule 59's constraints. Phelps v. Hamilton, 122 F.3d at 1324. In contrast, under rule 60:

> On motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Neither a rule 59 nor a rule 60 motion for reconsideration

> are appropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. . . . Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.

Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for

reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of the Paraclete v. Does, 204 F.3d at 1012. A district court has considerable discretion in ruling on a motion to reconsider. See Phelps v. Hamilton, 122 F.3d at 1324.

**LAW REGARDING DISTRICT COURT JURISDICTION PENDING APPEAL**

"The general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for collateral matters not involved in the appeal." Dombos v. Janecka, No. 09-0200, 2012 WL 1372258, at *4 (D.N.M. Apr. 12, 2012)(Browning, J.)(citing McKissick v. Yuen, 618 F.3d 1177, 1196 (10th Cir. 2010); City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380, 394 (6th Cir. 2007)). A district court, however, generally retains jurisdiction to enforce its judgments. See City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d at 394. See also Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d 1215, 1223 (8th Cir. 2006); Blue Cross & Blue Shield Ass'n v. Am. Express Co., 467 F.3d 634, 638 (7th Cir. 2006). Furthermore, a district court retains jurisdiction to enforce its orders or judgments through contempt proceedings following the filing of an appeal. See Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d at 1223. "If the judgment has been stayed or superseded, then the district court may not enforce it." Avendano v. Smith, No. 11-0556, 2011 WL 5223041, at *4 (D.N.M. Oct. 6, 2011)(Browning, J.)(citing Santibanez v. Wier McMahon & Co., 105 F.3d 234, 238 (5th Cir. 1997)).

Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure provides:

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

    (i)    for judgment under Rule 50(b);

   (ii)  to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

   (iii)  for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

   (iv)  to alter or amend the judgment under Rule 59;

   (v)  for a new trial under Rule 59; or

   (vi)  for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4(a)(4)(A). Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure provides:

> If a party files a notice of appeal after the court announces or enters a judgment -- but before it disposes of any motion listed in Rule 4(a)(4)(A) -- the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i). The Tenth Circuit has held that, where a motion to reconsider is filed with a district court after the filing of a notice of appeal, the district court lacks jurisdiction to grant the motion to reconsider, but is "free to consider the motion . . . then either deny it on the merits, or . . . [notify the Tenth Circuit] of its intention to grant the motion upon proper remand." Aldrich Enters., Inc. v. United States, 938 F.2d 1134, 1144 (10th Cir. 1991).

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [Petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. This Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon,

935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## ANALYSIS

The Court filed its Final Judgment on March 30, 2012, see Doc. 59, and Richwine's Motion to Reconsider that judgment was filed on April 13, 2012, see Doc. 60. Richwine therefore filed his Motion to Reconsider within rule 59(e)'s twenty-eight-day time limit. Richwine seeks the reconsideration of a judgment overruling his Second Set of Objections as untimely and dismissing his Petition. The grounds stated in support of the Motion to Reconsider do not appear to fit into any of rule 60(b)'s six subsections, and the motion seeks to alter the Court's substantive ruling dismissing the petition. Thus, the Court will construe the motion as one under rule 59(e).

The Motion to Reconsider and the Notice of Appeal were received and filed on the same day, with the Motion to Reconsider being docketed fifteen minutes before the Notice of Appeal. As such, the Motion for Reconsider was both timely and filed while this Court retained jurisdiction.[3]

There are four circumstances sufficient to justify the Court granting a motion to reconsider under rule 59(e): (i) a change in the controlling law; (ii) new evidence, (iii) clear legal error, and (iv) manifest injustice. Servants of the Paraclete v. Does, 204 F.3d at 1012. Richwine's Motion to Reconsider argues that the Court should reconsider its decision to overrule his Second Set of Objections as untimely because of the difficulties he faced in getting a complete copy of his

---

[3]While the fact that the Motion to Reconsider was filed minutes before the Notice of Appeal may have been a happy accident based on a clerk's selection to file it first, the finding that it was filed first is appropriate. First, it makes sense that, for two simultaneously-filed documents, a court would not first docket the filing which divests it of jurisdiction to address the second filing. Second, the notations on the envelopes containing the filings indicate that the motion to reconsider was mailed days before the notice of appeal.

objections first to his typist and then from the typist to the Court in time to meet his deadline for filing objections. See Motion to Reconsider at 1-2. The Court construes this argument as one under the manifest injustice prong of the Rule 59(e) analysis.

As noted in the Order Adopting PFRD, Richwine's Second Set of Objections were filed fifty-one days after the filing of Judge Wormuth's PFRD. See Order Adopting PFRD at 24. As originally ordered, objections were due on February 27, 2012, but Richwine sought an extension of time. See Motion to Extend Time at 1. Of particular note, Richwine did not request any particular length of extension and did not describe any of the issues with his typist to which he now points. Instead, Richwine said only:

> Petitioner . . . is a person in prison who has recently been moved to another facility, has no access to legal documents that were available at the previous prison and has no privacy nor work area to prepare his documents except for his bed. There are 13 prisoners in a wildly confused and disorderly open dorm environment.

Motion to Extend Time at 1. He similarly did not mention in his Second Set of Objections that his typist had never received one of the letters he sent. See Second Set of Objections at 1. He mentioned that his typist incorrectly stated "that Respondent Warden Anthony Romero and his counsel are responsible for the proposed findings and recommended disposition," which Richwine represented that he did not have time to review based on mailing delays, but did not assert that his typist had omitted any of his objections. Second Set of Objections at 1. Given these assertions and the lack of a specific request for additional time, Judge Wormuth granted a reasonable extension of fourteen days. See Order Granting Motion for Extension of Time to File Objections at 1-2.

The Court believed, and continues to believe, that the extension of time was appropriate and sufficient. Moreover, Judge Wormuth's order granting the extension advised that "[n]o further extensions will be granted." Order Granting Motion for Extension of Time to File Objections at 2.

Still, Richwine failed to submit the Second Set of Objections until seventeen days after the extended deadline. Under these circumstances, Richwine has failed to establish that overruling his Second Set of Objections as untimely was manifestly unjust. The Court also noted in its Order Adopting PFRD that "many of the objections in the Second Set of Objections raise objections that Richwine has already had a full opportunity to address or new arguments that do not appear in his Petition." Order Adopting PFRD at 24. The Court elaborated as follows:

> For instance, he argues as a new ground that the prosecution offered various hearsay statements at his trial, some of which allegedly violated his Confrontation Clause rights. Such a claim appears nowhere in his Petition. Many of his other arguments raise the same contentions he has raised previously -- that the amount of money found in his possession and the amount of drugs found in his possession were not indicative of drug trafficking. Judge Wormuth has already fully addressed these arguments, and Richwine has filed a lengthy set of Objections that raise a variety of these arguments that appear in the Second Set of Objections.

Order Adopting PFRD at 24. The Court notes that Richwine mentions briefly the use of hearsay evidence in his Petition, but does not refer to any form of Confrontation Clause violation or to his inability to cross-examine witnesses -- instead referring to prosecutorial misconduct. See Petition at 24 ("The court record and transcripts from the trial are clear that the Prosecutor entered evidence and continually provided dishonest, false or hearsay statements; and clearly shows that the material admitted is for the purpose of attacking Defendant."). Judge Wormuth addressed the issue of prosecutorial misconduct in the PFRD, see PFRD at 50-51, and the Court sees no basis for disagreeing with Judge Wormuth's conclusions, see Spears v. Mullin, 343 F.3d 1215, 1225 (10th Cir. 2003)(recognizing the general proposition that "[f]ederal habeas review is not available to correct state law evidentiary errors" but rather "is limited to violations of constitutional rights").

It is also worth noting that Richwine raises various arguments regarding judicial bias in his Second Set of Objections, see Second Set of Objections at 4-5, 8, but had already raised similar

-10-

arguments asserting judicial bias in his original Objections, see Objections at 8-10 ("Bias is demonstrated by the Judge by not allowing a sentencing hearing which contained all evidence needed to reach a fair and impartial decision."). Some of his objections in the Second Set of Objections are non-specific such that the Court has no basis upon which to determine the nature of Richwine's objection to Judge Wormuth's conclusions. For instance, Richwine argues without further elaboration: "I further challange [sic] and object to all 12 claims of inneffective [sic] assistance of counsel that these claims are reasonable and not be dismissed [sic], if not one individual claim then collectively the case was jeopardized b [sic] Petitioners [sic] counsel." Second Set of Objections at 6. Those non-specific objections are insufficient to preserve the issue for the Court's de novo review. <u>United States v. One Parcel of Real Property, with Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Okla.</u>, 73 F.3d 1057, 1060 (10th Cir. 1996)(stating "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review"). Thus, in light of the circumstances, the Court believes there is no manifest injustice in the Court treating the Second Set of Objections as untimely.

Richwine's Motion to Reconsider also asks the Court "not [to] dismiss Petitioner's habeas corpus with prejudice [and] instead grant Petitioner's habeas corpus petition or evidentiary hearing." Motion to Reconsider at 2. As the Court has not granted the request to consider the Second Set of Objections, and because Richwine has provided no other support for a reversal of the Court's earlier order, the Court will deny this request this request to reconsider the dismissal.

**IT IS ORDERED** that Petitioner's Motion for Reconsideration, filed April 13, 2012 (Doc. 60), is denied.

-11-

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Richard D. Richwine
Central New Mexico Correctional Facility
Los Lunas, New Mexico

    *Plaintiff pro se*

Gary K. King
  Attorney General for the State of New Mexico
Margaret E. McLean
  Assistant Attorney General
Santa Fe, New Mexico

    *Attorneys for the Defendant*

-12-